IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADRIAN PALACIOS,

      Petitioner,

v.                                  Civ. No. 19-1088 MV/GBW
                                         Crim. No. 18-3898 MV/GBW

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me pursuant to the Court's Order of Reference Relating to Prisoner Cases (*doc. 8*), referring Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (*doc. 1*)[1] to me for analysis, proposed findings, and recommended disposition.  Having reviewed the pleadings (*docs. 1, 9*) and the record before the Court, I recommend denying the Motion.

### I.     BACKGROUND

On August 16, 2018, during execution of a search and seizure warrant on Petitioner's residence, Petitioner was arrested by U.S. Border Patrol Agents pursuant to an arrest warrant issued on the previous day.  *Cr. doc. 24* at 3; *cr. doc. 4*.  Petitioner was

---

[1] Citations to "*doc.*" refer to docket numbers filed in Civ. No. 19-1088 MV/GBW.  Citations to "*cr. doc.*" refer to the attendant criminal docket, Crim. No. 18-3898 MV/GBW.

charged with one count of reentry of a removed alien under 8 U.S.C. § 1326(a) and (b). *Cr. doc. 24* at 1.  On December 7, 2018, Petitioner pled guilty to the charge.  *Cr. doc. 22.* The parties did not enter into a plea agreement.  *Doc. 9-1* at 11:7–9.

A presentence investigation report ("PSR") was filed January 28, 2019, providing a guideline imprisonment range of thirty-seven to forty-six months.  *Cr. doc. 24* at 13. On May 8, 2019, the Court sentenced Petitioner to thirty-seven months' imprisonment and recommended the institution of deportation proceedings during his sentence.  *Cr. doc. 32.*

On November 20, 2019, Petitioner filed the present motion under 28 U.S.C. § 2255 to have his sentence vacated, set aside, or corrected.  *Doc. 1.*  The United States filed a response on May 27, 2020.  *Doc. 9.*

## II.  ANALYSIS

Petitioner raises three grounds for relief: (1) ineffective assistance of counsel; (2) violation of due process under the Fifth Amendment; and (3) relief from judgment by writ of coram nobis and/or Federal Rule of Civil Procedure 60(b).

### A.  Ineffective Assistance of Counsel

For Petitioner to succeed on a claim of ineffective assistance of counsel, he must demonstrate that (1) "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs of the test must be satisfied.  *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir.

2011).  Although *pro se* pleadings must be liberally construed, it is Petitioner's burden to support a claim of ineffective assistance with specific factual averments.  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

To be deficient, it must be the case that "counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms."  *Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008).  In analyzing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (citation omitted).  To show prejudice, the petitioner must establish "that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different."  *Byrd*, 645 F.3d at 1168 (citation omitted).  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  *Id.* (quoting *Strickland*, 466 U.S. at 694).

The only fact alleged by Petitioner to support his first ground for relief is that his counsel "failed to argue or launch any type of collateral attack" on Petitioner's sentence. *Doc. 1* at 4.  Failure to pursue a collateral attack is not a valid basis for an ineffective assistance claim because there is no constitutional right to counsel in postconviction proceedings.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Powell*, 584 F. App'x 919, 920 (10th Cir. 2014) (unpublished).  Failure to pursue a direct appeal,

on the other hand, may form the basis of an ineffective assistance claim. *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019).  Counsel is constitutionally required "to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).  In the second situation, Petitioner must present specific facts establishing that he explicitly requested his counsel to pursue an appeal. *United States v. Harrison*, 375 F. App'x 830, 833–34 (10th Cir. 2010) (unpublished); *United States v. Palermo*, 175 F. App'x 244, 245–46 (10th Cir. 2006) (unpublished).

Even assuming that Petitioner's reference to a "collateral attack" was meant to include a direct appeal, Petitioner does not satisfy either of these prerequisites.  He does not assert that he directed his counsel to pursue an appeal or in any other fashion "reasonably demonstrated that he was interested in appealing."  Furthermore, I find that his counsel would have no reason to think that a rational person in Petitioner's situation would have wished to appeal.  The evidence supporting the charge is straightforward: Petitioner is a citizen of Mexico; he was previously deported from the United States in 2009 and 2013; he was found in Bernalillo County after voluntarily and illegally entering the United States; and he did not receive consent to reapply for admission to the United States. *Doc. 9-1* at 12:22–13:24.  Given this evidence, Petitioner's

4

decision to plead guilty appears rational and appropriate, and unquestionably supported by sufficient facts.  His sentence, which was well below the statutory maximum of ten years' imprisonment, *see* 8 U.S.C. § 1326(b)(1), was at the bottom of the guideline range after being credited for acceptance of responsibility premised in large part on his guilty plea.  *Cr. doc. 24* at 1, 4-5.  As explained further below, there were no apparent procedural or substantive errors impacting Petitioner's sentence.  In short, there would have been no nonfrivolous ground for appeal evident to defense counsel such that further consultation would have been required.

Therefore, I recommend rejecting Petitioner's first ground for relief whether it relates to the failure to appeal or the failure to file a collateral attack.

### B.  Violation of Due Process (Fifth Amendment)

In his second asserted ground for relief, Petitioner states that "the only evidence presented by the government . . . was [Petitioner's] own statement admitting illegal presence in the United States and such statement was inadmissible—due to the statement being involuntary and taken in violation of [Petitioner's] right to due process."  *Doc. 1* at 5.  Petitioner does not identify the statement that he believes was involuntary, nor does he clarify what he believes made the statement involuntary.  I have considered the possibility that the statement was his admission, during agents' search of his residence, that he did not have legal authorization to be in the United States.  *Cr. doc. 24* at 3.  However, this admission was not necessary to effect Petitioner's

arrest, and it did not form any part of the evidence against him.  *See cr. doc. 4*; *doc. 9-1* at 13:5–:20.  Thus, its alleged involuntariness could not serve as a basis for relief.

Petitioner's only allegation which could be construed to implicate voluntariness in his criminal case is his assertion that his sentencing range was initially fifteen to twenty-one months but increased due to charges brought after he pled guilty.  *See doc. 1* at 7.  Therefore, Petitioner may intend to argue that the involuntary "statement admitting illegal presence" was his admission as part of his plea colloquy.  However, Petitioner's premise about his sentencing range is factually incorrect.  Petitioner's PSR provided a guideline imprisonment range of thirty-seven to forty-six months.  *Cr. doc. 24* at 13.  This range was reached in consideration of Petitioner's past criminal record, including a prior illegal reentry offense and a prior felony for which a sentence of five years or more was imposed.  *Id.* at 4, 7, 8.  On April 1, 2019, Petitioner's counsel filed a memorandum on his behalf, arguing for a downward variance of the guideline range. *Cr. doc. 27.*  Thereafter, charges were brought against Petitioner in a separate proceeding, which remains pending.  *See* Crim. No. 18-2648-JAP-3.  The United States referred to these charges in its own memorandum, filed May 3, 2019, asking the Court to apply the guideline imprisonment range.  *Cr. doc. 29* at 3.  An addendum to the PSR was filed on May 6, 2019, reaffirming the guideline range of thirty-seven to forty-six months.  *Cr. doc. 30.*  Ultimately, the Court declined to vary Petitioner's sentence below the guideline range but imposed a sentence at the bottom of the range.  *Cr. doc. 32.*  The

record, as summarized above, clearly demonstrates that Petitioner's guideline range was not increased due to the additional charges.  As such, if Ground Two is based on the involuntariness of his plea colloquy, it must be rejected.

The final possible claim which Petitioner might be raising in Ground Two is an argument related to the underlying deportation order.  When Petitioner discusses the use of the allegedly involuntary statement, he says "in these deportation hearings." *Doc. 1* at 5.  In the next sentence he claims that the "[d]eportation order is unsupported and must be vacated."  *Id*.  These references could indicate that Petitioner is arguing for a collateral attack on his administrative deportation order.  However, the availability of such a collateral attack is sharply limited in the criminal statute under which Petitioner was prosecuted.  As provided by 8 U.S.C. § 1326(d),

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

Petitioner makes no claim, and the record does not reveal, that he can satisfy either of the first two prerequisites for a collateral attack of his deportation order.  Thus, if Ground Two is based on this argument, it must be rejected.

Under any of these constructions of Petitioner's due process argument in Ground Two, I recommend rejecting it.

## C. Relief from Judgment (Writ of Coram Nobis and/or Fed. R. Civ. P. 60(b))

Petitioner's third asserted ground for relief is "Violation Coram Nobis (Error)
Fed. R. Civil P. 60(b)."  *Doc. 1* at 7.  Petitioner states: "Facts did not appear on [the] face
of the record, and were such as, if known in season, would have prevented rendition of
the judgment questioned."  *Id.*  Petitioner apparently contends that he would not have
pled guilty if he had known about the additional charges brought afterward, which he
alleges increased his sentencing range.[2]  *Id*.

Petitioner's citation to Federal Rule of Civil Procedure 60(b) is inapposite.  The
Federal Rules of Civil Procedure, of course, govern civil cases, and Rule 60 governs civil
judgments.  *See United States v. McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010).
Petitioner cannot use Rule 60 to obtain relief from his criminal sentence.  *See United
States v. Ramirez*, 211 F. App'x 712, 714 (10th Cir. 2007) (unpublished).

A writ of coram nobis is "an extraordinary remedy," available only to "correct
errors that result in a complete miscarriage of justice."  *Klein v. United States*, 880 F.2d
250, 253 (10th Cir. 1989) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954) and
*United States v. Williamson*, 806 F.2d 216, 222 (10th Cir. 1986)).  "Generally speaking,
courts will only issue the writ to correct errors of fact that, through no negligence on the

---

[2] In a "Memorandum of Points and Authorities" attached to his motion, Petitioner raises a separate
argument that his arrest was defective because the search warrant on his residence did not list
"undocumented immigrants . . . among the items to be searched."  *Doc. 1* at 14.  It is unclear how this
argument relates to "[f]acts . . . not appear[ing] on [the] face of the record," *id.* at 7.  It is also irrelevant, as
Petitioner was arrested pursuant to an arrest warrant separate from the search warrant.  *Cr. doc. 4.*

part of the defendant, were not part of the original record and that would have

prevented rendition of the judgment questioned." *United States v. Carpenter*, 24 F. App'x

899, 904 (10th Cir. 2001) (unpublished) (citation and internal quotation marks omitted).

 The writ of coram nobis is unavailable to a petitioner challenging a sentence for

which he is currently in custody. *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir.

2002) (approving recharacterization of prisoner's petition for writ of coram nobis as §

2255 motion). A petitioner in custody must exhaust the remedies at his disposal—in

Petitioner's case, a § 2255 motion. *United States v. Carpenter*, 24 F. App'x 899, 905 (10th

Cir. 2001) (unpublished). Because Petitioner is presently serving his sentence, a writ of

coram nobis is unavailable to him. However, Petitioner's improper choice of remedies

would not bar consideration of the merits of his argument, so long as there are grounds

for relief under § 2255. *See United States v. Addonizio*, 442 U.S. 178, 185–86 (1979).

 An error of fact may form the basis of a collateral attack if it constitutes "a

fundamental defect which inherently results in a complete miscarriage of justice" and

"renders the entire proceeding irregular and invalid." *Id.* (citation omitted); *United

States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019). "Only 'misinformation of

constitutional magnitude' is cognizable under § 2255." *United States v. Blackwell*, 127

F.3d 947, 954 (10th Cir. 1997) (quoting *Addonizio*, 442 U.S. at 187).

 As previously discussed regarding Petitioner's due process claim, it is factually

incorrect that his sentencing guideline range was increased as a result of his other

pending charges.  Petitioner perhaps believes that it was improper for the Court to consider these charges over his objection at the sentencing hearing.  *See cr. doc. 35* at 7:18–8:16.  However, the Court is allowed to consider pending charges in sentencing. *See, e.g., United States v. Reed*, 13 F. App'x 762, 766 (10th Cir. 2001) (unpublished).  I further note that these charges were raised primarily to rebut Petitioner's assertion that he has lived "crime free" since he was a teenager.  *Cr. doc. 27* at 1–2; *cr. doc. 29* at 3. Whatever role these charges played in the Court's decision, a sentence within the guidelines is entitled to a rebuttable presumption of reasonableness.  *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).  In short, there was no error of fact relating to the pending charges that affected the outcome of this case.  Furthermore, as discussed regarding the ineffective assistance claim, the evidence supporting Petitioner's conviction was straightforward, and his acceptance of responsibility mitigated his sentence.  There is simply no hint of the sort of "fundamental defect" that would render Petitioner's conviction and sentence "irregular and invalid."

Thus, Ground Three contains no basis for relief and I recommend rejecting it.

III.   CONCLUSION

For the foregoing reasons, I recommend that the Court DENY Petitioner's Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody (*doc. 1*) and dismiss this case with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**